```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

PAUL H. HAWKINS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    Civil Action No. 05-1146
                                    )
APEX FINANCIAL MANAGEMENT, LLC,     )    Judge Cercone
                                    )    Magistrate Judge Hay
            Defendant.              )

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the motion to dismiss submitted on behalf of defendant (Dkt. No. 4) be granted unless plaintiff files an amended complaint within ten (10) days.

II. REPORT

Plaintiff, Paul H. Hawkins, commenced this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("the FDCPA"), and Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1, *et seq.* ("FCEUA"), alleging that defendant, Apex Financial Management, LLC, is a company engaged in debt collection and has repeatedly harassed him in violation of the FDCPA and the FCEUA.[1]

Plaintiff filed a complaint in state court, Allegheny County, Pennsylvania, on July 19, 2005, and on August 18, 2005, defendant removed the case to this Court.  Defendant has now filed a motion to dismiss arguing that the section of the FDCPA

---

[1]   See Notice of Removal (Dkt. No. 1).

upon which plaintiff relies is inapplicable and that he has otherwise failed to allege sufficient facts from which it can be determined that he was "harassed" within the meaning of the FDCPA.  Defendant also argues that plaintiff has failed to allege the existence of a debt and has failed to plead with particularity the special damages he seeks.

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. <u>Brader v. Allegheny General Hospital</u>, 64 F.3d 869, 873 (3d Cir. 1995); <u>Scrob v. Patterson</u>, 948 F.2d 1402, 1405 (3d Cir. 1991). The Court is not, however, required to accept as true unsupported conclusions and unwarranted inferences.  <u>Schuylkill Energy Resources v. PP&L</u>, 113 F.3d 405, 417 (3d Cir. 1997).  Thus, "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the motion to dismiss is properly granted.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The issue is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

It appears undisputed that the FDCPA was enacted largely "to eliminate abusive debt collection practices by debt collectors" and to protect consumers from debt collection abuses. 15 U.S.C. § 1692.  To that end, section 1692d provides that, "[a]

debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  As well, section 1692f provides that, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  See 15 U.S.C. §§ 1692d(1)-(6), 1692f(1)-(8).[2]  Further, where a debt collector is found to have violated the statute in a case brought by an individual, it will be liable for any actual damages sustained by the individual and "such additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a).

 Here, defendant initially argues that the complaint should be dismissed because plaintiff has failed to state a claim under section 1692f.  Indeed, although plaintiff has alleged in the complaint that defendant has violated section 1692f, the only conduct complained of is that he has been "repeatedly harassed."  Harassing conduct is not prohibited by § 1692f, however, but rather by is proscribed § 1692d.  As such, even if plaintiff were to able to prove that defendant harassed him as alleged, it would not serve to impose liability on defendant under section 1692f and, thus, plaintiff has seemingly failed to state a claim.

 Moreover, even if the Court were to read plaintiff's complaint as bringing a claim for harassment under § 1692d, he

---

[2]  We note here that our analysis with respect to plaintiff's claims brought under the FDCPA is equally applicable to those brought under the FCEUA.  See 73 P.S. § 2270.4(a).

has seemingly failed to allege any facts to satisfy even our liberal pleading requirements.

Fed. R. Civ. P. 8(a), provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint will satisfy Rule 8(a) where it gives notice and the grounds upon which a plaintiff's claim rests. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002). Although a complaint need not allege every element of a plaintiff's claim, it must plead facts sufficient to provide the defendant with "fair notice of the transaction" and "set[ ] forth the material points necessary to sustain recovery." <u>Menkowitz v. Pottstown Memorial Medical Center</u>, 154 F.3d 113, 124 (3d Cir.1998).

In the instant case, plaintiff has alleged only that defendant harassed him in violation of the FDCPA. He has not provided any facts to support his claim or provided notice to defendants as to what conduct on its part allegedly violated the FDCPA. Plaintiff's conclusory assertions appear insufficient to provide defendant with fair notice of the transaction and, thus, fail to state a claim under the FDCPA. See <u>Gorman v. Wolpoff & Ambramson, LLP</u>, 370 F. Supp. 2d 1005, 1013 (Finding that plaintiff's "allegation that he received 'harassing, threatening, abusive, oppressive and annoying telephone calls' is conclusory and insufficient to state a claim based on 1692d."). <u>See also</u> <u>Nix v. Welch & White, P.A.</u>, 55 Fed. Appx. 71, 72-3, 2003 WL 57936 *1-2 (3d Cir. 2003).

Defendant also argues that plaintiff's complaint should be dismissed because he has failed to plead special damages with the requisite specificity.

It appears undisputed that under both federal and Pennsylvania law claims for special damages are to be specifically stated.  See Fed. R. Civ. P. 9(g); Pa. R. Civ. P. 1019(f).  It also appears undisputed that under the FDCPA the maximum damages to which plaintiff would be entitled is $1000.00.  See 15 U.S.C. § 1692k(a).  Instantly, plaintiff has asked for judgment in the amount of $4000.00, but has failed to specify what special damages he has incurred or otherwise suggest why he is entitled to four times the statutory damage limit.[3]  As such, it would appear that plaintiff's claims for damages in excess of that permitted by the statute are properly dismissed as well.

Notably, plaintiff, who is proceeding *pro se*, has not specifically addressed any of the arguments raised by defendant in its motion but rather asserts only that the Court should refrain from ruling on the motion because the case was improperly removed from state court against his wishes and that, because his complaint was simply an informal filing in Pennsylvania's Small Claims Court, it should not be dismissed for failure to meet federal standards, particularly where he has not been given an opportunity to amend the complaint.

---

[3]   See Notice of Removal, Exhibit A: Complaint.

To support his former argument, plaintiff refers to a document he allegedly submitted in response to defendant's notice of removal and suggests that the cases cited therein stand for the proposition that this Court cannot accept jurisdiction against his wishes. We note, however, that in an order dated September 15, 2005, the Court advised plaintiff that no such response to the Notice of Removal was of record and gave plaintiff until October 15, 2005, to file one if he so desired. See Dkt. No. 9. To date, plaintiff has neglected to file a response and the Court, therefore, is not privy to the cases allegedly referenced therein.

This notwithstanding, under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Here, plaintiff has brought a claim under the FDCPA which is a federal statute over which the federal district courts have original jurisdiction. See 28 U.S.C. § 1331. As such, any claim brought under the FDCPA is properly removed under 28 U.S.C. § 1441. Thus, regardless of plaintiff's wishes or his intention to have his claims heard in state court, the case appears to have been properly removed and defendant's motion to dismiss is properly before the Court.

Further, although plaintiff has not specifically asked for leave to file an amended complaint, the Federal Rules of Civil Procedure provide that an amended complaint may be filed at anytime before a responsive pleading is served. Fed. R. Civ. P. 15(a). Moreover, it is well settled within this circuit that where the allegations in a complaint are deficient and an amendment would seemingly cure the deficiencies, the district court should grant leave to amend. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000), citing Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976). Because it appears that the deficiencies in plaintiff's complaint can be cured by an amendment it appears that plaintiff should be given an opportunity to do so.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendant (Docket No. 4) be granted unless plaintiff files an amended complaint within ten (10) days from the date of the district court's order, should the court adopt this Report and Recommendation.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /s/ Amy Reynolds Hay

```
                                    AMY REYNOLDS HAY
                                    United States Magistrate Judge
```

Dated: 2 March, 2006.


cc:   Paul H. Hawkins
      922 N. St. Clair Street
      Pittsburgh, PA 15206

      Kevin P. Allen, Esquire
      Thorp, Reed & Armstrong
      301 Grant Street
      One Oxford Centre, 14th Floor
      Pittsburgh, PA 15219-1425